*332
SUMMARY ORDER

Eddy Mushibuka, a native and citizen of Burundi, seeks review of a September 10, 2007, order of the BIA denying his motion to reopen removal proceedings. In re Eddy Mushibuka, No. A72 218 228 (B.I.A. Sept. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Because Mushibuka failed to exhaust his equitable tolling argument before the BIA, we decline to consider it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Mushibuka argues that the 180-day filing deadline for in absentia removal orders should be tolled in his case because he suffers from post-traumatic stress disorder, which resulted in his failure to appear at his individual hearing. However, the Government properly argues that Mushibuka failed to exhaust this equitable tolling argument before the BIA. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), they must also raise to the BIA the specific issues they later raise in this Court. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). “If the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue” except in extraordinary circumstances. Lin Zhong, 480 F.3d at 107 n. 1(a). Because Mushibuka failed to raise his equitable tolling argument in his appeal to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. See id. at 124.
However, we vacate and remand as to the BIA’s denial of Mushibuka’s motion to reopen. Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in the country of nationality, if such evidence is material and was not available at the previous hearing. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). We review the BIA’s denial of a motion to reopen for abuse of discretion, which may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
Upon review, we conclude that the BIA abused its discretion by failing to address evidence of changed country conditions offered by Mushibuka, and by basing its decision on an incorrect reading of the record. “Us and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim. A similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.” Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir.2005). Here, because the BIA only made conclusory statements regarding the changed country conditions, despite the fact that Mushibuka’s brief pointed to these same failings by the IJ, we have doubts that the BIA carefully examined Mushibuka’s submissions and considered his two primary claims of changed country conditions, namely that: (1) the new government that came into power in 2006 increasingly targeted members of the political opposition, which would include members of Mr. *333 Mushibuka’s party, FRODEBU, and (2) a powerful new security intelligence force routinely investigates and terrorizes political opponents, including members of FRO-DEBU.
And although we will generally “presume that [the agency] has taken into account all of the evidence before [it],” Xiao Ji Chen v. U.S.Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006), we do not do so where “the record compellingly suggests otherwise.” Further, “where the agency’s determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration or rehearing. ...”. Tian-Yong Chen v. I.N.S., 359 F.3d 121, 127 (2d Cir.2004). We will not accord our usual presumption, and find further error, because the BIA’s opinion incorrectly asserts that Mushibuka “specifically argues that [his new] evidence shows that there is an ongoing record of human rights abuses, and that the human rights situation has not improved, but has more or less remained the same.” This statement is followed by a cite to “Respondents’ Motion at 7.” Our review of the record reveals that Mushibuka made no such argument in any of the potential submissions fitting the description of “Respondents’ Motion at 7.” Mushibuka’s brief makes no such claim, his motion to reopen only describes the IJ’s decision, and his emergency motion to stay and reopen, though citing a United Nations report as stating that the human rights situation “has more or less remained the same,” goes on to say “except for abuses by the intelligence services, which have become noticeably worse.”
For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, and REMANDED for proceedings consistent with this opinion. As we have completed our review, the pending motion for a stay of removal in' this petition is DISMISSED as moot.